UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HB FEST, LLC,                              )<br>      Plaintiff,                      )<br>                                        )<br>      v.                              )<br>                                        )<br>COMMERCE AND INSURANCE INDUSTRY )<br>INSURANCE COMPANY and HCC SPECIALTY )<br>UNDERWRITERS, INC.,                )<br>      Defendants.                    ) | C.A. No. 1:16-cv-11696 |

## **STIPULATED PROTECTIVE ORDER**

The parties to this matter, plaintiff HB FEST LLC ("Plaintiff"), and defendants COMMERCE AND INDUSTRY INSURANCE COMPANY, and HCC SPECIALTY UNDERWRITERS, INC. ("Defendants"), have stipulated herein that they will produce protected business information and financial and competitive documents and information in this case and seek a protective order governing the use of such information. Accordingly, IT IS HEREBY ORDERED BY THE COURT:

This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles described in Rule 26(c) of the Federal Rules of Civil Procedure. To expedite the flow of discovery material, facilitate the prompt resolution of dispute over confidentiality, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure the parties are agreeing to the terms set-out below.

1

This Stipulated Protective Order ("Order") governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party during proceedings in this action, as well as any and all copies, abstracts, digests, summaries and by- products thereof.

1. The above-captioned matter will involve the production of documents by the parties and by third parties. Some of the documents and other discovery materials of each of the parties and of third parties are confidential or privileged within the meaning of relevant state and federal laws.

2. Pursuant to this Order, if in the course of this litigation, any party or third party undertakes to produce or is caused to disclose what they in good faith believe embodies confidential information, the procedures set forth herein shall be employed, and disclosure shall be subject to this Order.

3. For purposes of this Order, this Order, the term "Confidential Information" shall mean any information, or the contents of any document, in any form or medium, electronic or otherwise, which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, customer or commercial information, financial information, or information subject to a legally protected right of privacy and which counsel for the designating party designates as "CONFIDENTIAL INFORMATION" upon a good faith belief that there is cause therefore under applicable law. A party shall make the designation of "Confidential

Information" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that material, documents, items, or communications contain both confidential and non-confidential information, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Confidential information shall **not** consist of information which at any time has been: (i) produced, disclosed or made available to the public or otherwise available for public access; and/or (ii) disclosed in connection with any government filing and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential; provided , however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

4.  Counsel for any party or third party to this litigation shall designate documents or information as "Confidential" prior to actual production of the document or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of confidential information disclosed in a non-paper medium, (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable. A party may also redact a section or sections of a document designated "CONFIDENTIAL" if the party has a good faith belief that such information is irrelevant to the litigation, provided that such redaction appears on the document in such a manner as to be clearly visible to the receiving party.

5.  Any Party may challenge a designation of confidentiality within fifteen (15) days of such designation. The challenging party shall follow Rule 7.1 of the local rules of the US District Court for the District of Massachusetts in advance of filing a motion challenging the designation. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

Counsel for any party shall have the right to exclude from oral depositions, other than a person who qualifies under ¶9, the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as "Confidential." Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising confidential information. Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation. When depositions or portions of depositions are designated confidential, counsel shall use such "Confidential Information" only as provided for in this Order. All persons present at the taking of such depositions when such "Confidential Information" is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

6. Documents or information designated as confidential, copies thereof and the information contained therein may be disclosed only by counsel of record and only to the following persons:

    a. Plaintiffs in this litigation;

    b. Defendants in this litigation;

    c. Mediators;

d. Outside and in-house counsel for the parties, including such counsel's paralegals, secretarial and clerical personnel who are working on this litigation;

e. Authors, addressees and recipients of the confidential documents or information.

f. A witness at a deposition or at trial if there is good faith reason to believe that the witness (or the employer of such witness): (i) has previously seen the document; or (ii) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential;

g. Consultants and experts and their staff ("Experts") who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

h. Persons who are directly employed, retained, contracted with or consulted in connection with the subject matter of this action by counsel for a party to this action, including litigation support vendors, regardless of whether such persons are called to testify or used for the preparation of this case for trial or appeal;

h. The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court; and

i. Reporters, including stenographers and video technicians transcribing proceedings in this action.

7. In addition to the limitations specified in ¶ 7, documents or information designated as confidential may be disclosed to the persons described in ¶ 7 only to the extent necessary for purposes of this action, and each person described in subparagraphs 7(e) and 7(f) shall, prior to such disclosure, first have signed a counterpart of the "Confidentiality Agreement" attached hereto as Exhibit "A," acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information to anyone else except as permitted herein, and will not use such material for any purpose other than trial preparation, trial, or appeal of this action. Each such counterpart of Exhibit "A" shall be maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto at the conclusion of this action. Disclosure of confidential documents or information to an Expert or consultant under ¶¶ 7 and 8 shall not constitute a designation of the person as an Expert whose opinions may be presented at trial.

8. Confidential material subject to this Order, including all copies, extracts and summaries thereof, and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to ¶8 above.

9. All documents and information designated as confidential shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or

generally in connection with this litigation, and for no other purpose whatsoever. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 7.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 7.2, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 7.2 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 7.2 unless otherwise instructed by the court.

10. Without limitation, no person receiving "Confidential Information" shall use such "Confidential Information" in any other action or proceeding. Material designated as confidential shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

11. The terms of this Order shall in no way affect the right of any person to: (i) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of third parties; or (ii) raise or assert any objections heretofore or hereafter raised or asserted including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether

or not comprised of information or documents furnished subject hereto. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney-client privilege or the work product exemption. A party which has received inadvertently disclosed documents or information subject to a privilege shall, immediately upon discovery of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

12. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a disclosing entity hereunder.

13. The terms of this Order will survive final termination of this action, and any "CONFIDENTIAL INFORMATION" produced under this Order will be maintained as confidential or destroyed, and will not be used for any purposes other than litigation of this lawsuit. Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, except those materials designated as "CONFIDENTIAL INFORMATION" as indicated above.

14. If information designated "CONFIDENTIAL INFORMATION" in this action is called for in a subpoena or other process by someone who is not a party to this action, the party

to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information "CONFIDENTIAL INFORMATION" and shall not produce the documents until the earlier of fifteen (15) days after providing notice or the return date of the subpoena or other process.

15. This Order shall be effective from the date on which it is signed by the Court and shall apply and be enforceable from the date forward with respect to all proceedings in this matter, including materials produced at any time after commencement of this case.

16. Nothing in this Order shall prevent a party from any use of his or her own "CONFIDENTIAL INFORMATION."

17. Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties. Any documents, deposition testimony and other information produced upon discovery by such person and designated as "CONFIDENTIAL INFORMATION" by such person shall be treated accordingly.

18. Protected Documents produced pursuant to this Protective Order are deemed authentic under the Federal Rules of Evidence, and no further proof of authentication as to such documents shall be required.

**STIPULATED BY:**

HB Fest, LLC

/s/ Jonathan M. Feigenbaum
Jonathan M. Feigenbaum
B.B.O. #546686
184 High Street
Suite 503
Boston, MA 02110
Tel. No. : (617) 357-9700
FAX No.: (617) 227-2843
jonathan@erisaattorneys.com

/s/ Michael Patrick Doyle
Michael Patrick Doyle
Doyle Trial Lawyers LLP
3401 Allen Parkway, Suite 100
The Clocktower Building
Houston, Texas 77019
Tel. No. : (713) 571-1146
FAX No.: (713) 571-1148
mdoyle@doylelawfirm.com

COMMERCE AND INDUSTRY
INSURANCE COMPANY and HCC
SPECIALTY UNDERWRITERS, INC.

/s/ Kristen M. Whittle
Edward D. Shoulkin | B.B.O. #555483
eshoulkin@bartongilman.com
Kristen M. Whittle | B.B.O. #675814
kwhittle@bartongilman.com
Barton Gilman LLP
160 Federal Street, 10th Floor
Boston, MA 02110
617.654.8200 | 617.482.5350 – Fax

RENDERED AND ORDERED THIS 7th DAY OF April, 2017.

_Richard G. Stearns_
By the Court